IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **RAYMOND DOUGLAS, SR.,** | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   EP-10-CV-294-KC |
| | § |
| **MISSION CHEVROLET,** | § |
| | § |
| Defendant. | § |

**ORDER**

On this day, the Court considered "Defendant's Amended Motion to Dismiss," ECF No. 5 ("Motion"). For the reasons set forth herein, Defendant's Motion is **GRANTED**.

**I.   BACKGROUND**

Plaintiff Raymond Douglas, Sr., was terminated from his employment on April 19, 2010. Notice of Removal Ex. A, at 2, ECF No. 1. In his Complaint, Plaintiff asserts that he was not paid minimum or overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"). *Id.* After purportedly complaining to his supervisor, Plaintiff alleges he was terminated as a result of his complaint, in violation of 29 U.S.C. § 215(a)(3). *Id.* Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and for retaliation. *Id.* In addition to lost wages, Plaintiff seeks liquidated damages, emotional distress damages, punitive damages, attorneys' fees, and other damages. *Id.* at 3. Defendant filed the instant motion, seeking to dismiss Plaintiff's claims for emotional distress damages and punitive damages. *See* Mot. In its Motion, Defendant argues that emotional distress damages and punitive damages are not recoverable

under the anti-retaliation provision of the FLSA. Mot. 2. Plaintiff filed "Plaintiff's Response to Defendant's Motion to Dismiss," ECF No. 6 ("Response"), after which Defendant filed "Defendant's Reply to Plaintiff's Response to Motion to Dismiss," ECF No. 7.

## II. DISCUSSION

### A. Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true and view them in a light most favorable to the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Still, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (stating that a court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions").

Though a complaint need not contain "detailed" factual allegations, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (internal citation omitted). Thus, to survive a motion to dismiss, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Id.* at 570. Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those

facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

  **B.**  **Emotional Distress Damages and Punitive Damages under the FLSA**

In its Motion, Defendant argues that emotional distress damages and punitive damages are unavailable in an FLSA anti-retaliation claim. Mot. 2. The Court addresses each type of damages in turn.

    **1.**  **Emotional distress damages**

The damages provision of the anti-retaliation section of the FLSA states, in relevant part,:

> Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

29 U.S.C. § 216(b).

Circuit courts that have addressed the issue have held that "legal or equitable relief" includes emotional distress damages. *See Moore v. Freeman*, 355 F.3d 558, 563-64 (6th Cir. 2004) (emotional distress damages are recoverable under the anti-retaliation provision of the FLSA); *Broadus v. O.K. Indus., Inc.*, 238 F.3d 990, 992 (8th Cir. 2001) (emotional distress damages are recoverable in Equal Pay Act retaliation case); *Lambert v. Ackerley*, 180 F.3d 997, 1017 (9th Cir. 1999) (reversing and remanding emotional distress award of $75,000 under anti-retaliation provision of FLSA for determination of appropriate amount of emotional distress damages); *Avitia v. Metro. Club of Chi., Inc.*, 49 F.3d 1219, 1228-29 (7th Cir. 1995) (citing *Travis v. Gary Cmty. Mental Health Ctr., Inc.*, 921 F.2d 108, 111-12 (7th Cir. 1990)) (emotional distress damages are recoverable under the anti-retaliation provision of the FLSA). The Fifth Circuit has

yet to address whether emotional distress damages are available in an FLSA anti-retaliation claim.

However, the Fifth Circuit has held that the remedies provisions of the FLSA and the Age Discrimination in Employment Act ("ADEA") must be interpreted consistently. *See Lubke v. City of Arlington*, 455 F.3d 489, 499 (5th Cir. 2006) ("Because the remedies available under the ADEA and the FMLA [Family and Medical Leave Act] both track the FLSA, cases interpreting remedies under the statutes should be consistent."); *see also Johnson v. Martin*, 473 F.3d 220, 222 (5th Cir. 2006) (applying ADEA precedent to the FLSA to determine whether wages earned after termination offset lost wage damages because "[t]he FLSA and ADEA have the same remedies provisions").

The Fifth Circuit has addressed whether emotional distress damages are available under the ADEA, which has similar remedies provisions as the FLSA. *See Dean v. Am. Sec. Ins. Co.*, 559 F.2d 1036 (5th Cir. 1977). In *Dean*, the Fifth Circuit rejected the argument that the statutory language "legal or equitable relief" in the ADEA includes emotional distress damages. *Id.* at 1038. In so holding, the Fifth Circuit emphasized the notably absent phrase "general damages," "punitive damages," or any type of damages based on emotional distress from the ADEA's damages provisions. *Id.* at 1038-39. In the FLSA damages provision cited above, the same phrases are absent.

Since the Fifth Circuit has expressed its desire for the FLSA's remedies provision to be interpreted consistently with the ADEA's remedies provision, and since emotional distress damages are not available in claims brought under the ADEA, *see Dean*, 559 F.2d at 1038, this Court must hold that emotional distress damages are also unavailable under the FLSA. It is for

this reason that another judge on this Court has already reached the same conclusion in another case.  *See Rumbo v. Southwest Convenience Stores, LLC*, No. EP-10-CA-184-FM (W.D. Tex. July 19, 2010) (order granting motion to dismiss) (employing similar reasoning in granting the defendant's motion to dismiss plaintiff's claims for emotional distress damages and punitive damages in an FLSA anti-retaliation claim).  Therefore, Plaintiff may not recover damages based on emotional distress in his anti-retaliation claim brought under the FLSA.

        2**.**      **Punitive damages**

Similarly, Defendant contends punitive damages are not available in an anti-retaliation claim based on the FLSA, Mot. 2, while Plaintiff claims punitive damages are recoverable.  Resp. 3.  Federal appellate courts that have considered the issue are split on whether a plaintiff can recover punitive damages in an FLSA anti-retaliation claim.  *Compare Travis*, 921 F.2d at 111-12 (punitive damages are available in an FLSA anti-retaliation claim), *with Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 933-35 (11th Cir. 2000) (punitive damages are not available in an FLSA anti-retaliation claim).  The Fifth Circuit, however, has yet to address whether punitive damages are available under an anti-retaliation claim brought pursuant to the FLSA.

Just as it held with respect to emotional distress damages, the Fifth Circuit in *Dean* held that punitive damages are unavailable under the ADEA.  559 F.2d at 1038.  As discussed above, because the ADEA and FLSA must be interpreted consistently with respect to remedies, *see Lubke*, 455 F.3d at 499; *Johnson*, 473 F.3d at 222, this Court must hold that punitive damages are not recoverable in an anti-retaliation claim brought under the FLSA.

III.     **CONCLUSION**

Because of the Fifth Circuit's expressed desire for remedies under the ADEA and the FLSA to be interpreted consistently, and because the Fifth Circuit has held that emotional distress damages and punitive damages are unavailable under the ADEA, this Court holds that emotional distress damages and punitive damages are unavailable in an FLSA anti-retaliation claim. For the foregoing reasons, Defendants' Motion, ECF No. 5, is **GRANTED**.

**SO ORDERED**.

**SIGNED** on this 1st day of December, 2010.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE